IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK HARTMAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 01897 |
| | ) | |
| COOK COUNTY PROBATE COURT, | ) | Judge Sharon Johnson Coleman |
| GLENVIEW STATE BANK, FIRST | ) | |
| NATIONAL BANK OF LAGRANGE, | ) | Magistrate Judge Jeffrey Cole |
| LIFECARE GUARDIANSHIP, INC., | ) | |
| AVON CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Cook County Probate Court and Judge Cesario move to dismiss [12] the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The parties appeared in court on April 21, 2011, at which time plaintiff Mr. Johnson stated that he wished to stand on his submissions to the court instead of filing a written response to defendants' motion to dismiss. This Court having reviewed the submissions of the parties and the applicable law grants defendants' motion for the reasons stated below.

### Background

On March 18, 2011, plaintiff Mark Hartman Johnson, pro se, filed a complaint in this Court alleging several injustices against the defendants Cook County Probate Court, Probate Judge Cheryl Cesario, Glenview State Bank, First National Bank of LaGrange, Lifecare

Guardianship, Inc., and Avon Corporation. Several of the complex allegations in the twenty-six page complaint apparently stem from the case <u>Estate of Mark H. Johnson</u>, No. 2009 P 7556 presided over by the Honorable Cheryl Cesario in the Cook County Probate Court. (<u>See</u> Complaint, Dkt. 1.)

On November 1, 2009, plaintiff's brother, Bruce W. Johnson, filed a petition in the Cook County Probate Court for appointment of a guardian for plaintiff Mark Johnson. (Complaint, Dkt. 1 at 13.) In that petition, Bruce Johnson requested that plaintiff be adjudged a disabled person and that First National Bank of LaGrange be appointed guardian over Mark Johnson's estate, and that Lifecare Guardianship, Inc., be appointed guardian over Mark Johnson's person. (<u>Id</u>.) Bruce Johnson's petition was granted and on or about July 23, 2010, Judge Cesario entered an order entitled "Statement of Right to Discharge Guardian or Modify Guardianship Order" in which Judge Cesario states that Mark Johnson has been adjudged a disabled person and a guardian has been appointed. (<u>Id</u>. at 12.) The Cook County Probate Court's order of July 23, 2010, includes the statement that: "If you believe you can make or communicate decisions about yourself, or manage your financial affairs because of some change in your circumstances, you may ask the court for assistance in modifying or discharging the guardian." (<u>Id</u>.) Plaintiff alleges in his complaint in this Court that the petitioner in probate court was in fact not his brother, Bruce Johnson, but an imposter. (<u>Id</u>. at 1.) Plaintiff is apparently seeking to have this Court overturn the probate court's decision and to terminate the guardianships and trust accounts that resulted from the Cook County Probate Court's order adjudging plaintiff a disabled person.

**<u>Legal Standard</u>**

Although defendants Cook County Probate Court and Judge Cheryl Cesario filed the motion to dismiss under consideration, this Court notes that in every case it has an independent duty to assess whether the case is properly within the jurisdiction of the federal district court. Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). "Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005). The Court considers motions to dismiss for lack of subject jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When determining whether to dismiss a complaint for lack of jurisdiction, district courts must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id. The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction. United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003).

## Discussion

Defendants assert that this Court lacks jurisdiction over the claims against the Cook County Probate Court and Judge Cesario based on the Rooker-Feldman doctrine which bars federal jurisdiction over state court judgments. This Court agrees.

The Rooker-Feldman doctrine takes its name from two decisions of the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S.

Ct. 1303 (1983). The Rooker-Feldman doctrine precludes federal jurisdiction over claims alleging injury cause by a state court judgment. See, e.g., Long, 182 F.3d at 554; Centers, Inc. v. Town of Brookfield, 148 F.3d 699. 702 (7th Cir. 1998); Garry v. Geils, 82 F.3d 1362, 1365-66 (7th Cir. 1996). "The Rooker-Feldman doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7 th Cir. 2000) (citing Rooker, 263 U.S. at 415-16). The limitation on jurisdiction articulated by the Rooker-Feldman doctrine extends not only to state court judgments, but also to claims "inextricably intertwined" with state court determinations. Remer, 205 F.3d at 996. "The pivotal inquiry is 'whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" Long, 182 F.3d at 555 (quoting Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996), cert. denied, 520 U.S. 1204, 137 L. Ed. 2d 714, 117 S. Ct. 1569 (1997)).

Plaintiff's complaint essentially is requesting this Court review and set aside the Cook County Probate Court's appointment of a guardian and adjudication of plaintiff as a disabled person. Plaintiff requests this Court to, for example, "end and termination of Lifecare probate guardianship over Mark H Johnson," "transfer probate trust FM FNB LaGrange to Chase Bank, 8001 Lincoln, Skokie," and "forever terminate probate guardianship from criminal brother Bruce Johnson." This Court has no jurisdiction to terminate the guardianship ordered by the probate court and, therefore, lacks authority to enter the orders, which plaintiff is requesting this Court enter.

Accordingly, this Court dismisses with prejudice the complaint against Cook County Probate Court and Judge Cesario for lack of jurisdiction. This Court must also dismiss with prejudice the claims against defendants Lifecare Guardianship, Inc. and First National Bank of LaGrange because the claims against those defendants are "inextricably intertwined" with the probate court judgment that plaintiff is asking this Court to review. See Remer, 205 F.3d at 996. The appropriate procedure for litigants who believe that a state court judicial proceeding has violated their rights is to appeal the state court's decision through the state appellate and supreme courts and then to the United States Supreme Court. Young v. Murphy, 90 F. 3d 1225, 1230 (7th Cir. 1996).

To the extent that plaintiff alleges claims against Judge Cesario, even assuming *arguendo* that this Court had subject matter jurisdiction, Judge Cesario is immune from law suits based on allegations related to her judicial acts. Judges, such as Cheryl Cesario of the Cook County Probate Court, are not liable in civil actions for their judicial acts even when the acts are alleged to have been done maliciously. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity is overcome in two circumstances, neither of which applies here. First, a judge is not immune for non-judicial actions. Mireles, 502 U.S. at 11 (citing Forrester v. White, 484 U.S. 219, 227-229 (1988)). Second, a judge is not immune for actions, which are judicial in nature but are taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 11 (citing Bradley v. Fisher, 80 U.S. 335, 354 (1871)). In this case, Judge Cesario entered the order adjudging plaintiff a disabled person and appointing a guardian as an official judicial act within the jurisdiction of the probate court. Accordingly, Judge Cesario is immune from suit.

## Conclusion

Based on the foregoing, the Cook County Probate Court and Judge Cheryl Cesario's Motion to dismiss for lack of jurisdiction and failure to state a claim [12] is granted. The claims against the Cook County Probate Court, Judge Cesario, Lifecare Guardianship, and First National Bank of LaGrange are dismissed with prejudice.

IT IS SO ORDERED.

Date: April 22, 2011  Entered: _____
Sharon Johnson Coleman